**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**ROBERTO LAVEZZARI,**

                Plaintiff,                               **REPORT AND RECOMMENDATION**

   -against-                                              10-CV-2365 (NGG) (ALC)

**MICHAEL ZENK; JAMES E. BURRELL;**
**MR. BEAR; AND MS. SMOLLEY,**

                Defendants.
-----------------------------------------------------------------X

**CARTER, UNITED STATES MAGISTRATE JUDGE.**

Defendants James E. Burrell, Benius Beard, and Karen Small[1], employees of the Federal Bureau of Prisons ("BOP") (collectively, the "BOP Defendants") and Defendant Michael Zenk, former warden of the Moshannon Valley Correctional Center, move this Court for an order under Fed. R. Civ. P. 41(b), dismissing the complaint filed by *pro se* Plaintiff Roberto Lavezzari. On June 20, 2011, the Honorable Nicholas G. Garaufis, United States District Judge, referred the BOP Defendants' motion to me for a report and recommendation.[2] For the reasons set forth below, I respectfully recommend that the Court grant Defendants' motions and dismiss the complaint with prejudice.

---

[1] Plaintiff named as defendants Metropolitan Detention Center ("MDC") unit manager "Mr. Bear" and MDC case manager "Ms. Smolley." Counsel for BOP Defendants claims that there are no MDC employees by these names and assumes that Plaintiff intended to refer to MDC unit manager Benius Beard and case manager Karen Small. (Docket entry no. 36.)

[2] The referral order requests a report and recommendation as to the BOP Defendants' motion only. In the interest of judicial efficiency, I respectfully request that the Court also use this report and recommendation to grant the portion of Defendant Zenk's motion requesting that the Court dismiss the action under Fed. R. Civ. P. 41(b). (Docket entry no. 33.)

1

**I.     Background**

**A.  Factual History**

Plaintiff filed the instant complaint on May 12, 2010, alleging a claim under 42 U.S.C. § 1983 that his federal sentence was improperly calculated. (Compl. at 3, 8.) On the filing date, Plaintiff was a resident of the Clinton County Correctional Facility, located in McElhattan, Pennsylvania ("McElhattan address"). (*Id*. at 1.) Plaintiff had served both state and federal sentences for narcotics crimes. (*Id.* at 3, 10, 12.) On June 22, 2009, Plaintiff completed his state sentence and was transferred to federal custody to begin serving his 78-month federal sentence. (*Id.* at 3, 10, 13, 22.) On or about June 22, 2009, he arrived at the Metropolitan Detention Center, located in Brooklyn, New York, as a holdover inmate *en route* to his designated holding facility, Moshannon Valley Correctional Center ("MVCC"), located in Philipsburg, Pennsylvania. (*Id.* at 3, 8, 17.) On or about July 10, 2009, Plaintiff arrived at the MVCC. (*Id.* at 8.) On or about July 24, 2009, the MVCC computed Plaintiff's release date to be January 29, 2010. (*Id.* at 13, 19; *see also id.* at 20, 22 (addressing Plaintiff's claims regarding credit for time served and serving concurrent sentences).)

On January 29, 2010, Plaintiff was transferred to the custody of the U.S. Department of Homeland Security ("DHS") officials for mandatory detention, pending removal proceedings. (*Id.* at 25-28.) The DHS detained Plaintiff at the Clinton County Correctional Facility, located in McElhattan, Pennsylvania. (*Id.* at 7.) On March 8, 2010, Immigration Judge Walter A. Durling issued an order directing that Plaintiff be removed from the United States to either Italy or Argentina. (Exh. A to Declaration of Layaliza K. Soloveichik, dated May 6, 2011 ("Soloveichik Decl.").) On April 20, 2010, the DHS issued a "Warning To Alien Ordered Removed Or

Deported," informing him that he was permanently prohibited from re-entering the United States because he had been convicted of a crime designated as an aggravated felony. (Exh. B to Soloveichik Decl.) On May 19, 2010, Plaintiff departed the United States and appears to be living in Argentina. (Exh. C to Soloveichik Decl.; Docket entry no. 25, at 2.)

### B. Procedural History

Plaintiff originally filed the instant action in the United States District Court for the Southern District of New York while he was still residing in the United States. *See Lavezzari v. Zenk*, No. 10-CV-3917 (LAP) (S.D.N.Y.). The SDNY court *sua sponte* transferred the action to the Eastern District of New York. (Docket entry no. 3.) The SDNY and EDNY docket sheets, along with Plaintiff's complaint, originally listed the DHS facility in McElhattan, Pennsylvania as Plaintiff's address. (Compl. at 7; Exh. D to Soloveichik Decl.)

By letter dated November 15, 2010, the BOP Defendants advised the Court that they intend to move for dismissal or transfer pursuant to Fed. R. Civ. P. 12(3) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, and requested approval of a proposed briefing schedule. (Docket entry no. 24.) The BOP Defendants were unable to serve Plaintiff with copies of the November 15 letter or, with any other letters filed with the Court. (Docket entry no. 28.) The letters were sent to Plaintiff's McElhattan address, but were returned as undeliverable. (*Id.*) Counsel for Defendant Zenk was also unsuccessful in serving Plaintiff with papers at the McElhattan address. (Docket entry no. 25.) On November 23, 2010, I ordered Plaintiff to submit his correct contact information, noting that the address listed on the docket sheet was incorrect. (Order dated November 23, 2010). I scheduled a December 1, 2010

3

teleconference and directed the parties to send a copy of the order to Plaintiff if they were aware of Plaintiff's whereabouts.

Subsequently, counsel for the BOP Defendants discovered a possible Oceanside, New York service address for Plaintiff. On November 26, 2010, they sent my November 23 Order to the Oceanside address. (Exh. E to Soloveichik Decl.) Plaintiff failed to appear at the December 1 teleconference. (Minute Entry dated December 1, 2010.) During the teleconference, I issued a new order, directing Plaintiff to appear at a January 13 teleconference and the order was sent to his Oceanside address. (*Id.*) In a filing dated December 2, 2010, Plaintiff confirmed that the Oceanside address was indeed his current service address and updated the docket sheet. (Docket entry no. 29.) Plaintiff still failed to appear at the teleconference scheduled for January 13. (Minute Entry dated January 13, 2011.) During the January 13 teleconference, counsel for Defendant Zenk reported that he had attempted to contact Plaintiff by telephone, but Plaintiff's telephone number appeared to have been disconnected. I issued another order directing Plaintiff to appear at a teleconference scheduled for March 2, 2011. (*Id.*) I warned Plaintiff that "if [he] fails to appear for next conference, the Court will recommend dismissal of this action." The January 13, 2011 order was sent to Plaintiff's Oceanside address. (*Id.*) Plaintiff then failed to appear at the March 2 teleconference. (Minute Entry dated March 2, 2011.) I noted Plaintiff's continuing absence and recommended that Defendants seek dismissal for failure to prosecute. (*Id.*) Zenk filed a motion to dismiss on April 5, 2011 for failure to state a claim and for lack of prosecution. The BOP Defendants filed their motion on May 6, 2011 and served a copy of the motion on Plaintiff. To date, Plaintiff has never responded to the motions, responded to my orders, or provided new contact information.

II. **Discussion**

Fed. R. Civ. P. 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits." *Link*, 370 U.S. at 630. Courts contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) consider:

> 1) duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to defendant is likely to result; 4) whether court balanced its interest in managing its docket against plaintiff's interest in receiving opportunity to be heard; and 5) whether court adequately considered efficacy of sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see also Jackson v. City of New York*, 22 F.3d 71, 74–76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Notwithstanding the special leniency that is afforded to *pro se* litigants and that the circumstances have to be "sufficiently extreme" to warrant dismissal, *Le Sane*, 239 F.3d at 209, all the above-referenced factors favor dismissal of the instant case. A careful review of the docket sheet shows that Plaintiff, despite multiple orders from the Court, has not taken any action in this case or communicated with the Court since approximately November 2010. My orders plainly provided Plaintiff with notice that failure to comply would result in dismissal of

5

the action.  Defendants filed valid motions, thus giving Plaintiff another form of notice that his case may be dismissed if he did not take action.  Both the Court and Defendants have tried multiple times to contact him.  Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.  *See, e.g., Grace v. New York*, No. 10-CV-3853, 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010); *Coleman v. Doe*, No. 05-CV-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006); *Dong v. United States*, 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004).

Given Plaintiff's failure to prosecute the case and his failure to provide the Court with a valid address, I respectfully recommend that the case be dismissed and such dismissal should be with prejudice.  *See, e.g., Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837 (E.D.N.Y. Nov. 30, 2007) "(Failure to prosecute may involve: a plaintiff's … action lying dormant with no significant activity to move it." (internal quotation marks and citation omitted)); *Jeffrey v. City of New York*, No. 06-CV-2917, 2007 WL 3036749, at *2 (E.D.N.Y. Oct. 16, 2007) ("The failure to furnish a current address is a factor that supports a dismissal with prejudice." (citation omitted)).

### III. Conclusion

For the reasons set forth above, I respectfully recommend that the Court grant Defendants' motions to dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen days from this date to file written objections to this Report and Recommendation on ECF.  Counsel for the BOP Defendants is directed to serve a copy of this

6

report and recommendation at Plaintiff's last known address via certified mail within three days of receipt and file a certificate of service. Extensions of time to file objections should be directed to Judge Garaufis. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

**SO ORDERED**

**Dated: August 5, 2011**
      **Brooklyn, New York**

                                /s/ ALC
                            _____
                            **ANDREW L. CARTER, JR.**
                            **UNITED STATES MAGISTRATE JUDGE**